**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

GERMAN ROSAS MARTINEZ                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 5:08cv185-DCB-MTP

CONSTANCE REESE, et al.                                                 DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to comply with certain orders of the court.  The plaintiff, proceeding *in forma pauperis*, filed his civil rights Complaint [1] on April 18, 2008.  Based on the record in this case and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court.  *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases."  *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's rule 41(b) discretionary authority).  This case exemplifies the type of inaction that warrants rule 41(b) dismissal.

On October 15, 2008, the court attempted to serve the plaintiff with a copy of its Order

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[17] directing the plaintiff to respond to the defendants' Motion to Dismiss [15], and the envelope containing the service copy to plaintiff was returned to the clerk as "Undeliverable", with the notations "Return to Sender," "Attempted Not Known," "Not at this Address."  *See* Returned mail [18] [20]. The address provided by the plaintiff is the Federal Transfer Center, P. O. Box 898801, Oklahoma City, OK 73189-8801, and the plaintiff has not notified the court of a change of address.

On November 3, 2008, the court entered an Order to Show Cause [19] giving the plaintiff until November 17, 2008, to confirm his present address and to indicate whether he desires or intends to pursue the claims he has asserted in this matter.  That deadline has passed, and the plaintiff has not responded to the Order.  In fact, the Show Cause Order [19] was also returned as "Undeliverable."  *See* Returned Mail [21].

With its clear record of delay, this case may properly be dismissed under rule 41(b).  *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).

The plaintiff–incarcerated or not–has an obligation to inform the court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."   Uniform Local Rule 11.1;  *see also Wade v. Farmers Ins. Group,* No. 01-20805, 2002 WL 1868133, at *1, n.12 (5th Cir. June 26, 2002) (on appeal of district court's denial of motion for reconsideration of dismissal for failure to

prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address"). This burden may not be shifted from the plaintiff as it is "neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Ainsworth v. Payne,* No. 1:05cv297LG-JMR, 2006 WL 2912571, at *1 (S.D. Miss. October 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)).

The court has warned the plaintiff at least four times that his failure to advise the court of a change in address and otherwise comply with this court's orders could result in dismissal.[2] However, the plaintiff has failed to keep the court apprised of his address.

## RECOMMENDATION

As the plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, it is the recommendation of the undersigned that this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b). It is further recommended that all motions, including Defendants' Motion to Dismiss [15], be denied as moot.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

---

[2] *See* Orders [3][4][6][7].

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 25th day of November, 2008.

s/ Michael T. Parker
United States Magistrate Judge